Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| CARLOS COLÓN TRILLO  Parte Recurrida  v.  CYNTHIA COLÓN MARTÍNEZ, ALFREDO COLÓN MARTÍNEZ  Parte Peticionaria | TA2026CE00573 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan  Caso Núm.: SJ2025CV03395  Sala: 504 Civil  Sobre: Impugnación o Nulidad de Testamento |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**R E S O L U C I Ó N**

En San Juan, Puerto Rico, a 16 de junio de 2026.

Comparecen ante *nos* Rita Isthar Ribot Colón y Paulo Aníbal Torres Colón (peticionarios) y nos solicitan que revisemos una *Orden* emitida y notificada el 19 de marzo de 2026, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de San Juan. Mediante dicha *Orden*, el TPI declaró *No Ha Lugar* la *Urgente Moción de Desestimación por el Incumplimiento de la Parte Demandante con la Regla 4.3 (C) [...]*, que presentaron los peticionarios.

Por los fundamentos que expondremos a continuación, se *desestima* el recurso de *certiorari* por académico.

**I.**

El 22 de abril de 2025, Carlos Colón Trillo (recurrido) presentó una *Demanda* sobre impugnación de testamento ológrafo en contra de Cynthia Agnes Colón Martínez y Alfredo Colón Martínez. Luego de varios incidentes procesales, el 19 de febrero de 2026, los peticionarios presentaron una *Urgente Moción de Desestimación por el Incumplimiento de la Parte Demandante con la Regla 4.3 (C) [...]*.

Así, fundamentó su solicitud en que el recurrido no había emplazado a Alfredo Colón Martínez dentro del término de ciento veinte (120) días establecido en la Regla 4.3 (c), por lo que procedía la desestimación de la *Demanda*.

El 23 de febrero de 2026, el recurrido presentó una *Oposición a Desestimación por Falta de Emplazamiento*. Planteó que Alfredo Colón Martínez renunció al emplazamiento el 1 de junio de 2025, pero por error no había subido el documento a SUMAC. Ese mismo día, los peticionarios presentaron una *Urgentísima Réplica a: Oposición a Desestimación [...]*. Acto seguido, el foro primario emitió una *Orden* mediante la cual concedió a la parte recurrida un término de cinco (5) días para que acreditara el cumplimiento con la Regla 4.5 de Procedimiento Civil, en cuanto a la renuncia del emplazamiento de Alfredo Colón Martínez.

Así las cosas, el 25 de febrero de 2026, la representación legal de Alfredo Colón Martínez presentó una *Moción Asumiendo Representación Legal*. En igual fecha, Alfredo Colón Martínez presentó la *Contestación a Demanda*. Luego, el 27 de febrero de 2026, el TPI emitió una *Orden* mediante la cual ordenó a Alfredo Colón Martínez a mostrar causa por la cual no debía imponerle sanciones y/o anotarle la rebeldía, por transcurrir en exceso el término provisto para comparecer y presentar su alegación responsiva. Así pues, el 13 de marzo de 2026, Alfredo Colón Martínez presentó una *Moción en Cumplimiento de Orden*. Allí, sostuvo que su incomparecencia se debe a que trató infructuosamente de resolver las controversias con los miembros de la Sucesión de Cynthia Agnes Colón Martínez, dos de los cuales son sus sobrinos. Indicó, además, que se allanó a la *Demanda*, por lo que una anotación de rebeldía no tendría razón de ser. Agregó que, su incomparecencia no ha causado una dilación, pues siempre ha

estado al tanto de los procesos, ha cooperado con el recurrido y asistido a los peticionarios en sus necesidades.

El 16 de marzo de 2025, los peticionarios presentaron una *Urgentísima Réplica a Moción en Cumplimiento de Orden [...]*. Oportunamente, el 19 de marzo de 2026, el foro primario emitió una *Orden* mediante la cual declaró *No Ha Lugar* la solicitud de desestimación por falta de emplazamiento, en consideración a que Alfredo Colón Martínez se había sometido voluntariamente a la jurisdicción. En desacuerdo, el 5 de abril de 2026, la parte peticionaria presentó una *Moción de Reconsideración de Orden*. Subsiguientemente, el 7 de abril de 2026, notificada el 8 de abril de 2026, el TPI emitió una *Orden* mediante la cual declaró *No Ha Lugar* la solicitud de reconsideración.

Inconforme aun, el 8 de mayo de 2026, los peticionarios comparecieron ante *nos* mediante un *Certiorari Civil* y alegaron la comisión de los siguientes errores:

**PRIMER SEÑALAMIENTO DE ERROR**
ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL NO DESESTIMAR CON PERJUICIO LA DEMANDA POR RAZÓN DEL INCUMPLIMIENTO DEL DEMANDANTE/RECURRIDO CON LAS REGLAS 4.3 Y 4.5 DE LAS DE PROCEDIMIENTO CIVIL.

**SEGUNDO SEÑALAMIENTO DE ERROR**
ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL ASUMIR JURISDICCIÓN SOBRE LA PERSONA DEL CODEMANDADO ALFREDO COLÓN MARTÍNEZ.

**TERCER SEÑALAMIENTO DE ERROR**
ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL NO ORDENAR LA CELEBRACIÓN DE UNA VISTA EVIDENCIARIA EN RELACIÓN AL EMPLAZAMIENTO FUERA DEL TÉRMINO DEL CODEMANDADO ALFREDO COLÓN MARTÍNEZ.

Evaluado el recurso ante nuestra consideración, el 15 de mayo de 2026, emitimos una *Resolución* mediante la cual concedimos un término de diez (10) días a la parte recurrida para

mostrar causa por la cual no debíamos expedir el auto de *certiorari* y revocar el dictamen impugnado.

**II.**

**A. La jurisdicción**

Como es sabido, "[la] jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias que tiene ante sí". *Friger Salgueiro v. Mech-Tech College, LLC.,* 2026 TSPR 30, 218 DPR ___ (2026). Véase, además, *Municipio de Aguada v. W Construction, LLC*, 214 DPR 432 (2024); *RB Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685 (2024); *Pueblo v. Torres Medina*, 211 DPR 950 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022). Así, para adjudicar un caso el tribunal debe tener tanto jurisdicción sobre la materia como sobre las partes litigiosas. *Cobra Acquisitions v. Mun. Yabucoa et al.*, *supra*, pág. 394. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *RB Power, Inc. v. Junta de Subastas de la ASG PR*, *supra*; *Torres Alvarado v. Maderas Atiles*, 202 DPR 495 (2019).

En ese sentido, el Tribunal Supremo de Puerto Rico ha enfatizado consistentemente que la falta de jurisdicción trae consigo las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*. *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023). Véase, además, *Fuentes Bonilla v. ELA et al.,* 200 DPR 364 (2018); *González v. Mayagüez Resort & Casino*, 176 DPR 848 (2009).

Además, sabido es que ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA*, 184 DPR 898 (2011). Las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado*, 172 DPR 216 (2007). Véase, además, *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345 (2003); *Autoridad Sobre Hogares de P.R. v. Sagastivelza*, 71 DPR 436 (1950). Al hacer esta determinación, debe desestimarse la reclamación sin entrar en los méritos de la controversia. *MCS Advantage v. Fossas Blanco et al.*, *supra*; *González Santos v. Bourns P.R., Inc.*, 125 DPR 48 (1989). En consecuencia, la ausencia de jurisdicción es insubsanable. *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675 (2011); *Vázquez v. A.R.P.E.,* 128 DPR 513 (1991).

Por lo tanto, un tribunal que carece de jurisdicción únicamente tiene jurisdicción para así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254 (2018). Véase, además, *Moreno González v. Coop. Ahorro Añasco*, 177 DPR 854 (2010); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007). A tenor con lo anterior, les corresponde a los tribunales ser los guardianes de su jurisdicción, independientemente de que la cuestión haya sido planteada anteriormente o no. *Dávila Pollock et als. v. R.F. Mortgage*, 182 DPR 86 (2011). Véase, además, *Moreno González v. Coop. Ahorro Añasco, supra*, pág. 859; *S.L.G. Szendrey-Ramos v. F. Castillo, supra.* Así pues, de un tribunal dictar sentencia sin jurisdicción, su decreto será jurídicamente inexistente o *ultra vires. Municipio de Aguada v. W Construction, LLC, supra* citando a *Maldonado v. Junta Planificación*, 171 DPR 46 (2007).

Cónsono con lo anterior, la Regla 83 de nuestro Reglamento, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 115, 215 DPR __ (2025), la cual regula el desistimiento y la desestimación, nos da la facultad para desestimar por iniciativa propia un recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción.

### A. Academicidad

El principio de justiciabilidad requiere la existencia de un caso o controversia real para que los tribunales puedan ejercer válidamente el Poder Judicial. *Hernández Montañez v. Parés Alicea*, 208 DPR 727 (2022). El concepto de justiciabilidad "impone el deber de examinar si los casos que traban una controversia de índole constitucional cumplen con determinados e indispensables requisitos previo a una expresión". *Noriega v. Hernández Colón*, 135 DPR 406 (1994). Lo anterior, pues, "los tribunales existen únicamente para resolver controversias genuinas surgidas entre partes opuestas que tienen un interés real en obtener un remedio que haya de afectar sus relaciones jurídicas". *E.L.A. v. Aguayo*, 80 DPR 552 (1958). Por consiguiente, para poder ejercer de forma válida nuestra facultad de interpretar la ley, es necesario que el caso presente una controversia auténtica, definida y concreta, dentro de un contexto adversativo. De lo contrario, procede la desestimación del recurso presentado porque, como no existe una controversia real entre los litigantes, el tribunal debe abstenerse de adjudicarlo.

El Tribunal Supremo de Puerto Rico ha resuelto que una controversia no es justiciable en las siguientes circunstancias, a saber: (1) cuando la cuestión a resolver es una cuestión política; (2) cuando el pleito no está maduro; (3) **cuando, después de iniciado el pleito, hechos posteriores lo convierten en académico**; (4) cuando lo que se procura obtener es una opinión consultiva; y (5) cuando las partes no poseen legitimación activa para incoar la

acción presentada. (Énfasis nuestro). *Noriega v. Hernández Colón, supra,* a la pág. 421.

Así pues, entre los elementos a evaluar para determinar si un caso es justiciable se encuentran, si después que ha comenzado el pleito, hechos posteriores lo convierten en académico. *Asoc. Fotoperiodistas v. Rivera Schatz,* 180 DPR 920 (2011). Nuestro Tribunal Supremo ha expresado que "[l]a academicidad recoge la situación en que, aun cumplidos todos los criterios de justiciabilidad, ocurren cambios en los hechos o el derecho durante el trámite judicial que tornan académica o ficticia la solución del pleito". *UPR v. Laborde Torres y otros I,* 180 DPR 253 (2010). Véase, además, *Báez Díaz v. ELA,* 179 DPR 605 (2010).

Un pleito es académico cuando se trata de obtener un fallo sobre una controversia inexistente, o una sentencia sobre un asunto el cual, por alguna razón, no podrá tener efectos prácticos. *RBR Const., S.E. v. A.C.,* 149 DPR 836 (1999).[1]

La doctrina de la academicidad tiene como fin: "(1) evitar el uso innecesario de los recursos judiciales; (2) asegurar que haya la adversidad suficiente para que las controversias se presenten y defiendan competente y vigorosamente; y (3) evitar precedentes innecesarios". *UPR v. Laborde Torres y otros I, supra,* pág. 280.

Una vez se determina que un pleito es académico, por imperativo constitucional —ausencia de caso o controversia—, o autolimitación judicial, los tribunales deben abstenerse de considerarlo en sus méritos. *Asoc. De Periodistas v. González,* 127 DPR 704 (1991).

### III.

Del tramite procesal antes discutido surge que, el 19 de marzo de 2026, el TPI emitió una *Orden* mediante la cual declaró *No Ha*

---

[1] Véase, además, *Hon. Eduardo Bhatia Gautier v. Gobernador et al.,* 199 DPR 59 (2017).

*Lugar* la solicitud de desestimación por falta de emplazamiento que presentaron los peticionarios, en consideración a que Alfredo Colón Martínez se había sometido voluntariamente a la jurisdicción. En vista de ello, los peticionarios solicitaron la reconsideración de la mencionada *Orden*. Dicha solicitud de reconsideración fue declarada *No Ha Lugar* por el foro *a quo* y oportunamente, los peticionarios acudieron ante este Tribunal mediante el recurso discrecional de *certiorari*.

Sin embargo, surge del expediente del TPI en SUMAC que, estando el recurso de *certiorari* ante nuestra consideración, el 20 de mayo de 2026, el foro primario emitió una *Sentencia*. Mediante dicho dictamen, el TPI determinó que existe una parte indispensable, José Rodríguez Escalín, que, luego de varias órdenes y apercibimientos, no ha sido acumulada en el caso. Por consiguiente, según apercibido, el TPI ordenó el archivo de la presente causa de acción.

De conformidad con los hechos aquí reseñados y a la luz del marco jurídico enunciado, el recurso de *certiorari* de epígrafe es académico. Por lo tanto, en ausencia de caso o controversia, debemos abstenernos de considerarlo en los méritos y procede su desestimación. *Asoc. De Periodistas v. González, supra*.

**IV.**

Por los fundamentos antes expuestos, *desestimamos* el recurso de *certiorari* por falta de jurisdicción por académico.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones